FILED
2015 Dec-08  PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **GREGORY SCOTT WEBER,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 1:15-cv-00180-RDP-SGC |
| **RAY LATHAM, et al.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

The Magistrate Judge filed a Report and Recommendation on November 9, 2015, recommending this action filed pursuant to 42 U.S.C. § 1983 be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim on which relief may be granted. (Doc. 10). The Magistrate Judge further recommended the court decline to exercise supplemental jurisdiction over any state law claims. (*Id.*). Although the Magistrate Judge advised Plaintiff of his right to file specific written objections within fourteen (14) days, the court has received no objections from Plaintiff.[1]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, the court is of the opinion that the Magistrate Judge's Report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, this action is due to be dismissed without prejudice pursuant to 28 U.S.C. §

---

[1] The Report and Recommendation originally mailed to Plaintiff at Clay County Detention Center was returned as undeliverable. (Doc. 12). On November 13, 2015, the court received a letter from Plaintiff informing the court he had been moved to a work release facility in Decatur, Alabama. (Doc. 11). Plaintiff also inquired about the status of his case and requested a copy of all orders, as well as a case action summary. (*Id.*). A copy of the docket sheet and the Report and Recommendation was mailed to Plaintiff at the Decatur work release facility that same day.

1915A(b)(1) for failure to state a claim on which relief may be granted.[2]

    A final judgment will be entered.

    **DONE** and **ORDERED** this December 8, 2015.

                                                               **R. DAVID PROCTOR**
                                                              UNITED STATES DISTRICT JUDGE

---

[2] Because the court concludes that dismissal of Plaintiff's federal claims is appropriate, only Plaintiff's state law claims remain. A district court may decline to exercise supplemental jurisdiction over state claims where it has dismissed all the underlying federal claims. *See* 28 U.S.C. § 1367(c)(3). In making this determination, the court should consider factors such as "comity, judicial economy, convenience, fairness, and the like." *See Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) (quoting *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 257 (1st Cir.1996)). Although this decision is discretionary, *see Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1350 (11th Cir. 1998), the dismissal of state law claims is strongly encouraged where the federal claims are dismissed prior to trial. *See Baggett v. First Nat'l Bank*, 117 F.3d 1342, 1353 (11th Cir. 1997). Where the court declines to exercise supplemental jurisdiction over such claims, the claims should be dismissed without prejudice so they can be refiled in the appropriate state court. *See Crosby*, 187 F.3d at 1352. In the interest of judicial economy and convenience, the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims in this action.